# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-08-019-RAW |
| ) | |
| ROBERT EDWARD CRAWFORD, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the motion of the defendant to dismiss indictment on the grounds of the insufficiency of the indictment. The Court heard oral argument regarding the motion on March 27, 2008. Because the Court has concluded that the motion should be granted, the other pending motion to dismiss (raising various constitutional issues as to the charged statute itself) will not be addressed.

The indictment charges the defendant with a single count of violating 18 U.S.C. §2250. This statute is a portion of the Sex Offender Registration and Notification Act ("SORNA"). The indictment (which the prosecutor acknowledged as "bare bones") states in its entirety as follows:

> During the period of on or about December 1, 2006 to on or about January 9, 2008, in the Eastern District of Oklahoma and elsewhere, the Defendant, ROBERT EDWARD CRAWFORD, an individual required to register under the Sex Offender Registration and Notification Act, traveled in interstate commerce and did knowingly fail to register and update registration as required by the Sex Offender Registration and Notification Act in violation of Title 18, United States Code, Section 2250.

An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense. *United States v. Chisum,* 502 F.3d 1237, 1244 (10th Cir.2007). This standard is designed to effectuate the protections provided by the Indictment Clause of the Fifth Amendment and the notice requirement of the Sixth Amendment. *See generally United States v. Higgs,* 353 F.3d 281, 295-96 (4th Cir.2003).

This court construes the elements of 18 U.S.C. §2250 to be that a defendant must have (1) been required to register under SORNA; (2) traveled in interstate commerce; and (3) knowingly failed to register or update a registration as required by SORNA. The indictment appears to satisfactorily set forth these elements. The court must next inquire about fair notice.

The court is persuaded the present indictment fails in this regard, and in such a way that a bill of particulars would demonstrate, rather than correct, the defect. This statute is relatively freshly-minted and has been, to this point, the subject of only district court decisions. These decisions establish splits of authority on numerous interpretive aspects. As was discussed at the hearing, the charging statute (particularly in the case at bar) must be interpreted in light of other statutes which are contained in another Title of the United States Code[1]. Only §2250 is mentioned in the indictment. Therefore, it is impossible to determine if the grand jury made its finding of probable cause based upon the entire statutory matrix. Moreover, the parties appear to agree that, while the government has charged a single offense, there are <u>multiple</u>

---

[1]SORNA is codified at 18 U.S.C. §2250 and 42 U.S.C. §§16911, *et seq.*

instances of conduct within the alleged time frame which a trial jury might be persuaded were violative of the statute. The indictment states that it encompasses the broad time frame of December 1, 2006 to January 9, 2008, but no specific conduct on specific dates is set forth. Under this "minimalist" indictment, and in the context of the SORNA statutory scheme, the court sees great risk that the grand jury may have had a concept of the offenses essentially different from that which will be relied upon by the government before the trial jury. *See United States v. Curtis,* 506 F.2d 985, 989 (10th Cir.1974).

The Supreme Court in *Russell v. United States,* 369 U.S. 749, 770 (1962) explained:

To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

Dismissal of an indictment on insufficiency grounds is quite rare for this court, and will no doubt continue to be. The court is persuaded, however, that circumstances warrant the remedy in the case at bar.

It is the Order of the Court that the motion of the defendant to dismiss (#24) is hereby GRANTED. The indictment is dismissed without prejudice.

**ORDERED THIS 28th DAY OF MARCH, 2008.**

**Dated this 28th Day of March 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma

3